09-3917-cr (L)
United States v. Johnson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand eleven,

Present:    PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
                    *Circuit Judges*.
            DENISE COTE,[*]
                    *District Judge*.

_____

UNITED STATES OF AMERICA,

                                    *Appellee*,

        -v-                          09-3917-cr(L), 09-4057-cr (con),
                                     09-4536-cr (con), 09-5001-cr (con)

MATTHEW F. JOHNSON, MONAE DAVIS,

                            *Defendants-Appellants*,

 RAHEIM HOWELL, BARRETT B. JOHNSON,

                                    *Defendants*.

_____

[*] The Honorable Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

Appearing for Appellee:       Stephen J. Baczynski, Assistant United States Attorney, Western
                              District of New York (William J. Hochul, Jr., United States
                              Attorney, *on the brief*), Buffalo, N.Y.

Appearing for Appellants:     Robert A. Liebers, Burgett & Robbins, Jamestown, N.Y. *for
                              Defendant-Appellant Matthew F. Johnson*.
                              Robin C. Smith, Law Office of Robin C. Smith, Brooklyn, N.Y.,
                              *for Defendant-Appellant Monae Davis*.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Matthew F. Johnson appeals from the September 11, 2009 judgment of the United States District Court for the Western District of New York (Skretny, *J.*) convicting him of conspiracy to possess with intent to distribute, and to distribute, 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and sentencing him principally to 87 months' imprisonment. On appeal, Johnson argues the district court erred in failing to impose a shorter sentence.

Monae Davis appeals from the September 8, 2009 judgment of the United States District Court for the Western District of New York (Skretny, *J.*) convicting him of conspiracy to possess with intent to distribute, and to distribute, 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and sentencing him principally to 20 years' imprisonment. While Davis' notice of appeal appears to be untimely filed, the government waives enforcement of Fed. R. App. P. 4(b).

Robin C. Smith, Davis's attorney, filed a motion to be relieved from representing Davis pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Government moved for summary affirmance. Davis filed a pro se response, arguing (1) his guilty plea was invalid due to ineffective assistance of counsel; (2) his guilty plea is invalid because the district court failed to ensure the voluntariness of his plea; and (3) his indictment was "constructively amended," rendering it invalid. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Johnson's plea agreement contemplated a sentencing range of 120 to 135 months. Pursuant to the agreement, Johnson received a two-level departure for providing assistance to the government. Johnson's presentence report calculated a total offense level of 29 and a criminal history category of III, which after accounting for the mandatory minimum yielded a range of 120 to 135 months. With the two-level departure, the range dropped to 87 to 108 months. Johnson moved for a non-guidelines sentence, in part based on the sentencing disparities between powder and crack cocaine. Johnson was sentenced to 87 months.

In his plea agreement, Johnson waived "the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment." "The right to appeal may be waived as part of a plea agreement, and

we have stated that a knowing and voluntary waiver of the right to appeal a sentence within a particular Guidelines range is generally enforceable." *United States v. Chen*, 127 F.3d 286, 289 (2d Cir. 1997) (internal citations omitted)*; see also United States v. Fisher,* 232 F.3d 301, 303 (2d Cir. 2000). Johnson was sentenced within the appropriate Guidelines range, barring his appeal.

Davis' plea agreement contemplated a sentencing range of 262 to 327 months, although the presentence report later calculated a total offense level of 37 and a criminal history category of II, yielding a guidelines range of between 240 and 293 months. Davis waived his right to appeal any sentence of imprisonment that fell within or below the estimated range. Davis was sentenced to 240 months.

Where, as here, a defendant challenges the validity of his guilty plea for the first time on appeal, we review for plain error. *United States v. Dominguez Benitez*, 542 U.S. 74, 80-84 (2004). Fed. R. Crim. P. 11 requires the court to "assure itself . . . that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997). "A variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). To demonstrate that a Rule 11 error affected his substantial rights, a defendant must show "a reasonable probability that, but for the error, he would not have entered the plea" considering "any record evidence tending to show that a misunderstanding was inconsequential to a defendant's decision" to plead guilty, as well as the "overall strength of the Government's case." *Dominguez Benitez*, 542 U.S. at 83-85.

Reviewing the record before us, we conclude that the district court failed to advise Davis of (1) his right to compel witnesses; (2) his right to plead not guilty; (3) his right to counsel at every stage of the proceeding; (4) the court's authority to order restitution; or (5) the court's obligation to consider the Guidelines range, possible Guidelines departures, and the sentencing factors enumerated in 18 U.S.C. § 3553(a). *See* Fed. R. Crim. P. 11(b)(1)(B), (D), (E), (K), (M). However, Davis failed to demonstrate that the district court's errors affected substantial rights. During his plea allocution, among other items, the district court did make sure Davis had a copy of the indictment, and informed Davis that he was pleading guilty to "Count [One] of the indictment, and that's the conspiracy charge with respect to the distribution of 50 grams or more of cocaine base, crack cocaine," and inquired whether he "underst[ood] that charge." The court ensured that Davis had discussed his plea agreement with counsel, that all of his questions had been answered, and that he was "comfortable with [his] understanding of the documents in this case." The district court asked Davis to review the indictment, asked Davis if he had any questions, and told him that Count One of the indictment charged that, from June 2005 to October 2007, he conspired with others to possess with intent to distribute, and to distribute, cocaine base. The district court reviewed the plea agreement, including the sentencing provisions and appeal waiver, with Davis. The district court established that Davis was aware of his rights to: (1) a jury trial; (2) an attorney, and to have court-appointed counsel if he could not afford representation; (3) be presumed innocent at trial and have the Government prove his guilt beyond a reasonable doubt; (4) "question" witnesses during trial; (5) present evidence at trial; (6) testify; and (7) not testify and be protected from self-incrimination. Based on our

3

review of the record, we find no reason to believe that Davis failed to understand the charges or the plea agreement, or that he would not have entered the plea or made the agreement but for the court's omissions.  We find no reason not to enforce his waiver of appeal.

According, it is hereby ordered that (1) the judgment of the district court convicting and sentencing Matthew F. Johnson is AFFIRMED; (2) Robin Smith's *Anders* motion is GRANTED; and (3) the government's motion for summary affirmance of the conviction and sentence of Monae Davis is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk