12-2313-cr
United States of America v. Davis (Johnson)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2012

Submitted: May 21, 2013          Decided: October 15, 2013

Docket No. 12-2313-cr

- - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,
         Appellee,

                    v.

MATTHEW F. JOHNSON,
         Defendant-Appellant,

Monae Davis, Barrett B. Johnson, Shawn S.
Johnson, Corey J. Rivers, Raheim Howell,
Jennifer M. Gourley, Andrea Perkins, Kevin L.
Glowacki, Richard D. Farnham, Sr., John A. Lee,
Mark L. Burdick, David J. Thompson, Leroy W.
Nupp, Jr., Mark W. Decker, Anna M. Benjamin,
Scott Peters, Jimi Lin Gourley, Ryan V. Potter,
Lori A. Carrow, Beth L. Saifakas,

         Defendants.
- - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, KEARSE, and POOLER, Circuit Judges.

Appeal from the May 25, 2012, order of the United States District Court for the Western

District of New York (William M. Skretny, Chief Judge), granting a motion to reduce a sentence

pursuant to 18 U.S.C. § 3582(c)(2). The Appellant contends that he was entitled to a greater reduction.

Affirmed.

Joseph J. Karaszewski, United States Attorney's Office, Buffalo, N.Y. (William J. Hochul, Jr., United States Attorney's Office, Buffalo, N.Y., on the brief), for Appellee.

Jonathan I. Edelstein, Edelstein & Grossman, New York, N.Y., for Defendant-Appellant.

JON O. NEWMAN, Circuit Judge:

Under 18 U.S.C. § 3582(c)(2), a federal court may, in certain circumstances, reduce a defendant's term of imprisonment because of amendments to the United States Sentencing Guidelines (the "Guidelines"). This sentencing appeal concerns the application of section 3582(c)(2) in the unusual context of a combination of Guidelines amendments, an amended statutory mandatory minimum, and a substantial assistance departure from a mandatory minimum authorized by 18 U.S.C. § 3553(e). The appeal presents three issues: (1) whether the Defendant-Appellant is eligible for any section 3582(c)(2) reduction, (2) whether a section 3553(e) departure from a mandatory minimum displaces the mandatory minimum for purposes of Guidelines calculations, and (3) whether the reductions in mandatory minimums made by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (the "FSA" or the "Act") apply to a defendant sentenced before the effective date of the FSA whose sentence was reduced after that date pursuant to section 3582(c)(2).

These issues arise on an appeal by Defendant-Appellant Matthew Johnson from the May 25, 2012, order of the United States District Court for the Western District of New York (William M. Skretny, Chief Judge), granting his motion for a sentence reduction pursuant to section 3582(c)(2). Chief Judge Skretny reduced Johnson's sentence from 87 months to 78 months. Johnson contends that the Court's calculation of the reduction was improper and should have resulted in a range of 57-71 months.

We conclude that Johnson was not eligible for a reduction under section 3582(c)(2), that the mandatory minimum applicable to Johnson has not been displaced, and that the FSA does not apply to Johnson. In the absence of a cross-appeal by the Government, we affirm.

## Background

In May 2009, Johnson pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of a substance containing cocaine base (sometimes called "crack cocaine"). At the time, the statutory minimum sentence for this offense was ten years' imprisonment. See 21 U.S.C. § 841(b)(1)(A)(iii) (2009). The plea agreement provided that the amount of cocaine base involved in Johnson's relevant conduct was between 150 and 500 grams. The agreement also provided that Johnson would cooperate in the investigation and prosecution of others, and if the Government was satisfied with his cooperation, it would move for a two-level

downward departure under 18 U.S.C. § 3553(e)[1] and U.S.S.G. § 5K1.1.[2]

In the presentence investigation report ("PSR"), the Probation Department determined that Johnson's base offense level was 32. See U.S.S.G. § 2D1.1(c)(4) (2008). With a three-level reduction for acceptance of responsibility, see id. § 3E1.1(a), (b), Johnson's adjusted offense level was 29. This adjusted offense level and a criminal history category ("CHC") of III resulted in an advisory sentencing range of 108-135 months. However, because the statutory minimum term of imprisonment was ten years, the Probation Department adjusted its recommended sentencing range to 120-135 months, pursuant to U.S.S.G. § 5G1.1(c)(2) (sentence may not be "less than any statutorily required minimum sentence").

Pursuant to the plea agreement, the Government moved for a substantial assistance departure, specifically a two-level reduction in the adjusted offense level from 29 to 27, which, in CHC III, resulted in a sentencing range of 87-108 months. The District Court granted the Government's motion, accepted the suggestion that the departure for substantial assistance should be measured by

---

[1] Section 3553(e) provides:

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

[2] Section 5K1.1 provides:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

offense levels, lowered the adjusted offense level from 29 to 27, and, on September 4, 2009, sentenced Johnson to 87 months' imprisonment, the low end of the range for level 27 in CHC III.[3] Johnson's initial appeal, we held, was barred by the waiver contained in the plea agreement. See United States v. Johnson, 425 Fed. Appx. 66, 67 (2d Cir. 2011).

On August 3, 2010, the FSA took effect, reducing the mandatory minimum sentences for crack cocaine offenses and reducing the disparity between the penalties for cocaine base and powder cocaine offenses. The reduction was accomplished by raising the quantities of cocaine base required for various mandatory minimum sentences. For example, the FSA raised the minimum quantity of cocaine base requiring a ten-year minimum sentence from 50 grams to 280 grams, thereby making offenses like Johnson's, involving 150 grams, subject to a five-year minimum sentence. See Pub. L. 111-220, 124 Stat. 2372, § 2(a)(1), (2), codified at 21 U.S.C. § 841(b)(1)(B)(iii). The Sentencing Commission subsequently promulgated amendments to the Guidelines to reduce base offense levels to conform to the new statutory minimums for cocaine base offenses. As relevant to Johnson, the Commission reduced the base offense level for 150 grams of cocaine base from 32 to 28. See U.S.S.G. App. C., Amend. 748, third paragraph[4] (effective Nov. 1, 2010) (promulgating temporary,

_____

[3] Various options are available to a sentencing judge in determining the extent of a substantial assistance departure. The judge may subtract a specific number of months from the required mandatory minimum, apply a specific percentage reduction from that minimum, or subtract a specific number of offense levels from the applicable offense level (as then-District Judge Skretny did) and sentence within the range for the reduced offense level.

[4] The third paragraph increased the quantity range for offense level 32 from 150-500 grams of cocaine base to 280-840 grams and increased the quantity range for offense level 28 from 35-50 grams to 112-196 grams, thereby making level 28 applicable to Johnson's stipulated quantity of 150 grams.

–5–

emergency reductions); U.S.S.G. App. C., Amend. 750, first paragraph (effective Nov. 1, 2011) (repromulgating reductions as permanent). The Commission then amended U.S.S.G. § 1B1.10(c) to provide that portions of Amendment 750, including those applicable to Johnson, applied retroactively. See U.S.S.G. App. C., Amend. 759, second paragraph (effective Nov. 1, 2011).

In November 2011, Johnson moved for a sentence reduction pursuant to section 3582(c)(2), relying on Amendment 750. Johnson argued that with his base offense level reduced from 32 to 28, the District Court should accord him the same five levels of reduction the Court had originally made (three levels for acceptance of responsibility plus two levels for substantial assistance), which would have lowered his adjusted offense level from 27 to 23, with a new sentencing range, in CHC III, of 57 to 71 months. However, the Commission has instructed that the relevant guideline range is to be derived from the offense level determined before a departure for substantial assistance. See U.S.S.G. § 1B1.10, cmt. n.1(A). Johnson's offense level after the Commission's amendments would have been 25 (with a three-level reduction for acceptance of responsibility but without the two-level departure for substantial assistance), which, in CHC III, would have yielded a guideline range of 70-87 months, but for application of the 120-month mandatory minimum.

In response to Johnson's motion, the Probation Department prepared an Abbreviated Supplemental Presentence Report ("ASPSR"). The ASPSR agreed that Johnson's new base offense level was 28 and that, with a three-level reduction for acceptance of responsibility, his adjusted offense level would have been 25, except for the effect of the mandatory minimum. The ASPSR reasoned that Johnson remained subject to the pre-FSA mandatory minimum of 120 months, and that his pre-departure adjusted offense level could therefore be no lower than 28 because that is the

lowest level, in CHC III, that yields a sentencing range (97 to 121 months) that includes 120 months.[5]

The ASPSR agreed that Johnson was entitled to "a comparable downward departure of two levels" for substantial assistance, like the one he had received at the initial sentencing, apparently relying on U.S.S.G. § 1B1.10(b)(2)(B), which provides that in the event of a Government motion reflecting the defendant's substantial assistance, "a reduction comparably less than the amended guideline range . . . may be appropriate." However, the ASPSR recommended that these two levels be subtracted from level 28, instead of 25. The ASPSR therefore recommended a post-departure adjusted offense level of 26, with a guideline range, in CHC III, of 78 to 97 months.

The District Court agreed with the analysis in the ASPSR, granted Johnson's section 3582(c)(2) motion, and reduced his sentence to 78 months, the low end of the range for level 26 in CHC III, but more than Johnson would have received at level 23 (where the range in CHC III is 57 to 71 months) had the two levels for substantial assistance been subtracted from level 25.

## Discussion

Although this Court generally reviews a district court's decision to grant or deny a section 3582(c)(2) motion for abuse of discretion, see United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009), the questions of law raised on this appeal[6] are reviewed de novo, see United States v. Main, 579 F.3d 200, 202-03 (2d Cir. 2009).

---

[5] The ASPSR cited U.S.S.G. § 5G1.1(c)(2), but in fact the relevant Guidelines provision is U.S.S.G. § 5G1.1(b), which provides: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Johnson's 120-month statutory minimum is greater than 87 months, which is the maximum of the range for adjusted offense level 25 in CHC III.

[6] Johnson's appeal is taken from the District Court's order entered May 25, 2012, which replaced the Court's initial order of January 11, 2012, granting the section 3582(c)(2) motion (but not to the extent Johnson had sought). The initial order was vacated on a motion under 28 U.S.C. § 2255 because Johnson's counsel had been ineffective in failing to file a timely notice of appeal.

I. Eligibility for Section 3582(c)(2) Relief

Section 3582(c)(2) provides:

[Where] a defendant . . . has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered by the Sentencing Commission</u> pursuant to 28 U.S.C. § 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). The emphasized words raise an initial issue as to Johnson's eligibility for any section 3582(c)(2) relief: whether Johnson's sentencing range was "lowered."

A. Was Johnson's sentencing range lowered?

In answering this question we are obliged to make a regrettably complicated analysis of the Commission's policy statements because the concluding words of section 3582(c)(2) state that a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." The policy statement relevant to the "lowering" issue is note 1(A) in the commentary to U.S.S.G. § 1B1.10.

Note 1(A) first states that eligibility for a section 3582(c)(2) motion "is triggered only by an amendment listed in subsection (c) [of section 1B1.10] that lowers the applicable guideline range" and defines an "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual . . . ." U.S.S.G. § 1B1.10, cmt. n.1(A). Although section 3582(c)(2) speaks of a lowered "sentencing range," the reference in Note 1(A) to a "guideline range" means the same thing. See <u>United States v. Rivera</u>, 662 F.3d 166, 173 (2d

Cir. 2011). Johnson's original "applicable guideline range," at adjusted offense level 29 in CHC III, would have been 108 to 135 months, but the mandatory minimum of 120 months constricted that range to 120 to 135 months. Amendment 750 lowered his base offense level to 28 and therefore his adjusted offense level to 25, which, in CHC III, would have yielded an applicable guideline range of 70 to 87 months, but because Johnson remained subject to the mandatory minimum of 120 months, his "range," after the amendment, was exactly 120 months.[7] So whether Amendment 750 "lowered" Johnson's applicable guideline range depends on whether his range of 120 to 135 months was "lowered" when it became exactly 120 months.

It is arguable that a range of exactly 120 months is lower than a range of 120 to 135 months, although the Commission probably expected that a range would be "lowered" within the meaning of section 3582(c)(2) only when the low end of the range was reduced. We need not speculate about the Commission's expectation on this point in other cases, however, because analysis of the structure of the sentencing table will make it entirely clear that the Commission would not consider Johnson's sentencing range lowered nor consider him eligible for section 3582(c)(2) relief.

Johnson's original range, before being restricted by the mandatory minimum, was 108-135 months because his extensive prior record placed him in CHC III. If he had had no prior record, he would have been in CHC I, and his original range, at adjusted offense level 29 (without any

---

[7] Where a statutory mandatory minimum, such as 120 months, is greater than the maximum of a range determined by an adjusted offense level and a CHC, several courts have called the mandatory minimum a "range" of 120 to 120 months, see, e.g., United States v. Gaynor, 521 F. App'x 151, 154 (4th Cir. 2013); see also United States v. Li, 206 F.3d 78, 89 (1st Cir. 2000) ("'range' of 36 to 36 months"), or a "range" of just 120 months, see, e.g., United States v. Jones, 523 F.3d 881, 882 (8th Cir. 2008).

departure), would have been 87-108 months before application of the mandatory minimum. However, the mandatory minimum provision would have made his original guideline "range" 120 months. After the Commission reduced offense levels for cocaine base offenses, Johnson's adjusted offense level of 25 in CHC I would have yielded a sentencing range of 57-71 months before application of the mandatory minimum. However, the mandatory minimum provision would have made his original guideline "range" exactly 120 months, the same as his 120-month "range" before the Commission reduced offense levels. No lowering would have occurred. Johnson's argument, whether or not valid, that his sentencing range has been lowered (from 120-135 months to 120 months) is available only because his CHC is III. It is inconceivable that the Commission wanted a defendant with an extensive prior record to be accorded section 3582(c)(2) relief that would be unavailable to a defendant with no prior record.[8] See United States v. Turkette, 452 U.S. 576, 580 (1981) ("[A]bsurd results are to be avoided.").

Viewed another way, Johnson's argument that his range has been lowered depends on the fact that the mandatory minimum of 120 months happened to fall within his original range of 108 to 135 months, whereas in the scores of cases where a defendant was ruled ineligible for section 3582(c)(2) relief, including our decision in United States v. Williams, 551 F.3d 182, 185-87 (2d Cir. 2009), the defendant's original range was entirely below the mandatory minimum. See, e.g., United States v.

---

[8] The Eighth Circuit recently employed somewhat similar reasoning in rejecting a Seventh Circuit decision, United States v. Wren, 706 F.3d 861 (7th Cir. 2013), which had ruled that a defendant was eligible for section 3582(c)(2) relief; the Eighth Circuit wrote that the Seventh Circuit's analysis would "perversely favor defendants whose sentences were too high to be initially affected by the mandatory minimum, while punishing those whose comparatively less wrongful conduct entitled them to a lower initial sentence." United States v. Golden, 709 F.3d 1229, 1233 (8th Cir. 2013).

Hippolyte, 712 F.3d 535, 541-42 (11th Cir. 2013); United States v. Carter, 595 F.3d 575, 580-81 (5th Cir. 2010); United States v. Baylor, 556 F.3d 672, 673 (8th Cir. 2009). But see In re Sealed Case, 722 F.3d 161, 368-70 (D.C. Cir. 2013); United States v. Savani, No. 11-4359, 2013 WL 2462941, at *2-9 (3d Cir. June 10, 2013). There is no reason why that anomaly should entitle Johnson to relief unavailable to other defendants whose mandatory minimum became their guideline sentence. See U.S.S.G. § 5G1.1(b).

For these reasons we conclude that, if the 120-month mandatory minimum remains applicable to Johnson, he would not be eligible for section 3582(c)(2) relief; with the two-level reduction pursuant to section 3553(e) for substantial assistance, his sentence would have remained, as originally imposed, at 87 months, instead of the 78 months the District Court imposed after granting the section 3582(c)(2) motion. We therefore have to consider Johnson's arguments that the 120-month minimum has been displaced and, if not, that the FSA reduced Johnson's 120-month minimum to 60 months.

B. Has the mandatory minimum been displaced?

Johnson contends that the mandatory minimum provision should have no application to his sentence because it has been "waive[d]" or, more accurately, displaced by the two-level departure he received for substantial assistance.[9] We rejected that argument in Williams, 551 F.3d at 187, and continue to do so.

---

[9] Johnson uses the word "waive[d]," Brief for Appellant at 17, as have some courts, see, e.g., In re Sealed Case, 722 F.3d at 368. The argument is really that the mandatory minimum has been displaced, or, as one court put it, "dispensed with," United States v. Auld, 321 F.3d 861, 866 (9th Cir. 2003).

-11-

C. Does the FSA apply to Johnson?

Johnson contends that, even if he remains subject to a mandatory minimum, the FSA applies retroactively to him to reduce his applicable minimum from ten to five years. The Supreme Court has ruled that the FSA applies to offenders who committed a crack cocaine offense before August 3, 2010, but who were not "sentenced" until after August 3, 2010. See Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012).

Johnson's section 3582(c)(2) proceeding, which was concluded in 2011, was neither a sentencing nor a resentencing. "By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission." Dillon v. United States, 130 S. Ct. 2683, 2690 (2010) (internal quotation marks and alterations omitted). The statute shows that Congress "intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Id. at 2691. Johnson remained subject to the pre-FSA mandatory minimum sentence of ten years from which the District Court derived offense level 28 and then made a two-level reduction for substantial assistance. See United States v. Humphries, 502 Fed. Appx. 46, 47-48 (2d Cir. 2012) (FSA does not apply retroactively to defendants sentenced prior to August 3, 2010, and later granted a post-FSA sentence reduction under section 3582(c)(2)).[10]

---

[10] The entire foregoing analysis would have been unnecessary under any sane sentencing regime in which a straightforward provision would state: "Whenever a defendant renders substantial assistance, the court may reduce a sentence below a statutory minimum to whatever extent the court deems appropriate, and, in the event that the Sentencing Commission lowers a guideline relevant in any respect to a defendant's offense conduct, the court may reduce a previously imposed sentence to whatever further extent the court deems appropriate."

Conclusion

Because the 120-month mandatory minimum was neither displaced nor reduced to 60 months and therefore remains applicable to Johnson and because only his placement in CHC III affords him even an argument that his sentencing range has been lowered, we conclude that the Commission would not deem Johnson eligible for any section 3582(c)(2) relief.[11] Nevertheless, the reduction he received may stand because the Government has not cross-appealed, and the cross-appeal rule normally precludes our authority to alter the judgment in the Government's favor. See Greenlaw v. United States, 554 U.S. 237, 252-54 (2008).[12] However, Johnson is not entitled to the further reduction he seeks. The order of the District Court is affirmed.

---

[11] Some courts ruling a defendant ineligible for section 3582(c)(2) relief have stated that the sentencing court was without "jurisdiction" to grant such relief, see, e.g., United States v. Pointer, 519 F. App'x 472, 472 (9th Cir. 2013); United States v. Taylor, No. 12-6316, 2013 WL 2151012, at *2 (10th Cir. May 20, 2013); United States v. Mills, 613 F.3d 1070, 1071 (11th Cir. 2010). In one case, the Eleventh Circuit said that the district court lacked subject-matter jurisdiction and ordered a district court that had granted section 3582(c)(2) relief to reimpose the original sentence. See United States v. Earnest, 496 Fed. Appx. 902, 905-06 (11th Cir. 2012).

The Supreme Court has cautioned against the overuse of the term "jurisdiction" or "jurisdictional," and has instructed that "subject-matter jurisdiction" should delineate the class of cases "falling within a court's adjudicative authority." Kontrick v. Ryan, 540 U.S. 443, 455 (2004); see Arbaugh v. Y&H Corp., 546 U.S. 500, 513-16 (2006); Da Silva v. Kinsho International Corp., 229 F.3d 358, 361-66 (2d Cir. 2000). Because Johnson's motion presented a nonfrivolous claim requiring interpretation of section 3582(c)(2) and the Commission's Guidelines and policy statements, it arose under federal law, see Bell v. Hood, 327 U.S. 678, 681-85 (1946), and subject matter jurisdiction was conferred by 28 U.S.C. § 1331. We are therefore not obliged, on our own motion, to vacate the District Court's grant of Johnson's motion.

[12] In Greenlaw, three justices expressed the view that the cross-appeal rule was a rule of practice, not necessarily binding on a court of appeals. See 554 U.S. at 255 (Breyer, J., concurring in the judgment); id. at 256-62 (Alito, J., with whom Stevens, J., joins, and Breyer, J., joins in part, dissenting). Whatever our authority to undo the granting of Johnson's section 3582(c)(2) motion and thereby increase his sentence in the absence of a cross-appeal, we decline to exercise it.