United States v. Rowley

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26ᵗʰ day of November, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
          DENNIS JACOBS,
          BARRINGTON D. PARKER,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                    12-3975

RICARDO ROWLEY, aka Braisy,
          Defendant-Appellant,
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              DEVIN MCLAUGHLIN, Langrock Sperry
                           & Wool, LLP, Middlebury,
                           Vermont.

FOR APPELLEE:              RAJIT S. DOSANJH, for Richard S.
                           Hartunian, United States
                           Attorney for the Northern
                           District of New York, Syracuse,
                           New York.

1

Appeal from orders of the United States District Court for the Northern District of New York (Scullin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the orders of the district court be **AFFIRMED**.

Ricardo Rowley appeals from orders dated September 13 and 20, 2013, of the United States District Court for the Northern District of New York (Scullin, <u>J.</u>), denying a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Rowley seeks resentencing under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"). The district court found him ineligible for resentencing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The FSA does not apply retroactively to defendants, such as Rowley, who were convicted and sentenced prior to August 3, 2010. <u>United States v. Diaz</u>, 627 F.3d 930, 931 (2d Cir. 2010). The Supreme Court's decision in <u>Dorsey v. United States</u>, holding that the reduced penalties of the FSA apply to defendants who were convicted before the Act's enactment, but *sentenced afterward*, does not compel a different result. -- U.S. -- , 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). <u>See also</u> <u>United States v. Johnson</u>, 732 F.3d

109, 116 (2d Cir. 2013). Our sister Circuits overwhelmingly support this conclusion. See United States v. Reeves, 717 F.3d 647, 650-51 (8th Cir. 2013) (listing other Circuits addressing this issue).

Rowley's reliance on United States v. Blewett, 719 F.3d 482 (6th Cir. 2013), is misplaced. That decision arguably contradicted binding circuit precedent in United States v. Hammond, 712 F.3d 333 (6th Cir. 2013), and has since been vacated by the Sixth Circuit for a rehearing en banc. Dicta in Dorsey also support the conclusion that Blewett was wrongly decided. See Dorsey, 132 S.Ct. at 2335 ("We have explained how in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."). Since Blewett, every Circuit that has considered this issue has declined to follow its lead. See, e.g., Reeves, 717 F.3d at 651; United States v. Clement, 723 F.3d 1028 (9th Cir. 2013); United States v. Harris, No. 13-2711, 2013 WL 4083300 (3d Cir. Aug. 14, 2013).

For the foregoing reasons, and finding no merit in Rowley's other arguments, we hereby **AFFIRM** the orders of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK