15-3828-cr
United States v. Aguilar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand sixteen.

PRESENT: JON O. NEWMAN,
RALPH K. WINTER,
REENA RAGGI,
*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                              No. 15-3828-cr

ARNOLD AGUILAR,
*Defendant-Appellant*,

FRANCISCO LUIS AGUILAR, VICTOR LOPEZ,
*Defendants.*\*

------------------------------------------------------------------------

FOR APPELLANT:                    Arnold Aguilar, *pro se*, Philipsburg, Pennsylvania.

FOR APPELLEE:                     Michael E. Runowicz, Marc H. Silverman, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

---

\* The Clerk of Court is directed to amend the caption as set forth above.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 18, 2015, is AFFIRMED.

Defendant Arnold Aguilar was convicted in 1993 following a guilty plea to one count of kidnapping conspiracy and multiple substantive and conspiratorial drug trafficking crimes. Originally sentenced to 405 months' imprisonment, Aguilar, proceeding pro se, appeals from the 369-month sentence imposed upon the grant of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. We review a grant of § 3582(c)(2) relief for abuse of discretion, see United States v. Johnson, 732 F.3d 109, 113 (2d Cir. 2013), which we will identify only when a court's decision rests on an error of law or clearly erroneous factual finding, or cannot otherwise "be located within the range of permissible decisions." United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009) (alteration and internal quotation marks omitted). Aguilar purports to identify legal error in the district court's miscalculation of his post-reduction Guidelines range, see, e.g., United States v. Wernick, 691 F.3d 108, 117 (2d Cir. 2012) (stating miscalculation is procedural error), and its failure adequately to explain its decision, see 18 U.S.C. § 3553(c) (requiring "statement of reasons"); United States v. Christie, 736 F.3d 191, 196 (2d Cir. 2013) (noting explanation requirement applies to resentencing). We assume the parties'

familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. <u>Guidelines Calculation</u>

The district court did not err in recalculating Aguilar's Guidelines range. In granting § 3582(c)(2) relief, a district court is required to "'determin[e] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." <u>Dillon v. United States</u>, 560 U.S. 817, 827 (2010) (quoting U.S.S.G. § 1B1.10(b)(1)). In doing so, the district court "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1); <u>accord</u> <u>Dillon v. United States</u>, 560 U.S. at 827.

At Aguilar's initial sentencing, his four drug crimes were grouped, resulting in an adjusted offense level of 42 for those offenses. <u>See</u> U.S.S.G. § 3D1.2. Meanwhile, his kidnapping conspiracy crime had an adjusted offense level of 33. Because of the nine-level difference in the offense levels, only the higher applied, <u>see</u> <u>id.</u> § 3D1.4, which, with a criminal history category of I, resulted in a Guidelines range of 360 months to life imprisonment. The district court sentenced Aguilar to a 405-month prison term, 45 months above the low end of the Guidelines range.

On resentencing to afford Aguilar the benefits of Amendment 782, which reduced offense levels for certain drug crimes, the district court correctly modified <u>only</u> the base offense level for Aguilar's grouped drug crimes, from 42 to 40. Because the amended differential in the offense levels for Aguilar's drug crimes and his kidnapping crime was now seven rather than nine, the district court correctly employed the higher level

3

enhanced by one—to 41—pursuant to U.S.S.G. § 3D1.4. At this amended offense level, the district court thus correctly calculated Aguilar's new Guidelines range as 324 to 405 months' imprisonment.

Aguilar argues that his total offense level should have been 40 because his kidnapping crime should always have been grouped with his drug offenses because they were part of a common scheme. Such a change was not warranted on resentencing because the initial grouping decision was correct, "was not affected by the Commission's amendment to § 2D1.1," and, therefore, was "outside the scope of the proceeding authorized by § 3582(c)(2)." Dillon v. United States, 560 U.S. at 831.

In sum, Aguilar's calculation challenge fails on the merits.

2.    Explanation for Sentence

Aguilar's argument that the district court failed to provide sufficient explanation for imposing a 369-month sentence is similarly meritless. The district court originally imposed a 405-month sentence, 45 months above the low end of the then-applicable 360-month-to-life Guidelines range. In explaining the reasons for this sentence, the district court referenced Guidelines enhancements that included the quantity of drugs dealt (50–150 kilograms of cocaine), the use of firearms in both the drug trafficking and kidnapping, Aguilar's leadership role in the drug crimes, the lengthy time the kidnapping victim was held, and the demand for a ransom. It also referenced insights about the crimes that it had obtained by presiding over the trial of confederate Francisco Aguilar, which indicated that this had been "one of the most significant conspiracies in this district" since the long-serving district judge had been on the federal bench. Gov't

4

App'x 42. Finally, the district court noted defendant's high level of intelligence, which he had not directed to paths that would lawfully reward himself or society. This was more than adequate to satisfy 18 U.S.C. § 3553(c). See Rita v. United States, 551 U.S. 338, 356–59 (2007) (observing that district court ordinarily need only indicate it "considered the evidence and arguments").

On this record, when the district judge, after giving Aguilar the benefit of Amendment 782 in his Guidelines calculation, again imposed a sentence 45 months above the low end of the amended Guidelines range, "the reasons for the district court's actions [were] obvious from the history of the case," and the district court did not abuse its discretion in providing no further explanation. United States v. Christie, 736 F.3d at 196.

3. Conclusion

We have considered Aguilar's remaining arguments and conclude that they are without merit. Accordingly, the decision of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5