15-3303-cr
United States v. Jimenez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand sixteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
           DENNY CHIN,
                   *Circuit Judges.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                   *Appellee*,

                    v.                                    No. 15-3303-cr

RAFAEL JIMENEZ,
                   *Defendant-Appellant*,

ALFREDO RIVERA,
                   *Defendant*.[*]

------------------------------------------------------------------------

FOR APPELLANT:                    Georgia J. Hinde, Law Offices of Georgia J. Hinde, New York, New York.

FOR APPELLEE:                     Dina McLeod, Margaret Garnett, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

1

Appeal from an order of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on September 21, 2015, is AFFIRMED.

Defendant Rafael Jimenez was convicted following a guilty plea of conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, for which he received a 127-month prison sentence. Jimenez now appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. We review the denial of such a motion for abuse of discretion, which we will identify only when a court's decision rests on an error of law or clearly erroneous factual finding, or cannot "be located within the range of permissible decisions." United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The district court presumed Jimenez's eligibility for § 3582(c)(2) relief but concluded that a reduction was not warranted because Jimenez breached the public trust by using his position as a New York City auxiliary police officer to commit the crime of

2

conviction, including recruiting a retired New York police officer to join the conspiracy. We identify no abuse of discretion in that decision.[1]

Jimenez argues that the district court's decision effectively subjected him to an unexplained upward enhancement to his amended 120-month Guidelines range. The argument has no merit. A district court's decision <u>not</u> to reduce a sentence under § 3582(c)(2) is entirely discretionary and does not constitute an upward departure or variance from the amended sentence. See <u>United States v. Borden</u>, 564 F.3d at 103–04 (observing that, under 18 U.S.C. § 3582(c)(2), court <u>may</u> reduce sentence for eligible defendant, but decision to do so—or not to do so—is within court's discretion). Moreover, the court's explanation for its decision to retain Jimenez's original sentence was sufficient both (a) to assure this court that it had considered both the relevant policy statements and 18 U.S.C. § 3553(a)'s sentencing factors, and (b) to provide meaningful appellate review. See <u>United States v. Christie</u>, 736 F.3d 191, 196–97 (2d Cir. 2013) (holding that court must only provide "minimal statement of reasons" to explain § 3582(c)(2) ruling).

---

[1] Because we conclude that the district court did not abuse its discretion in denying Jimenez's motion and adhering to its original sentence, we need not consider here whether Amendment 782's effective adjustment of Jimenez's Guidelines range from 120 to 135 months' imprisonment to 120 months' imprisonment, the statutory minimum, constituted a "lowering" of his applicable Guidelines range, thereby making him eligible for a § 3582(c)(2) reduction. See <u>United States v. Johnson</u>, 732 F.3d 109, 114 (2d Cir. 2013) (noting that "it is arguable that a range of exactly 120 months is lower than a range of 120 to 135 months").

We have considered Jimenez's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court