15-3732-cr
*United States v. Walker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand seventeen.

PRESENT: DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges,*
RICHARD M. BERMAN,
*District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

*Appellee,*

15-3732-cr

v.

CLINT WALKER,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                      Barbara A. Masterson, Gregory L. Waples, Assistant United States Attorneys, *for* Eugenia A.P. Cowles, Acting United States Attorney for the District of Vermont, Burlington, Vermont.

FOR DEFENDANT-APPELLANT:    Barclay T. Johnson, Research and Writing Attorney, *for* Michael L. Desautels, Federal Public Defender, District of Vermont, Burlington, Vermont.

Appeal from the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Clint Walker appeals an order of the United States District Court for the District of Vermont entered November 6, 2015, denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Walker was sentenced on March 29, 2010, to 100 months' imprisonment following his plea of guilty to distribution of OxyContin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  Walker's guideline range would have been 84 to 105 months, but because he was subject to enhanced penalties as a career offender under U.S.S.G. § 4B1.1, his guideline range at sentencing was 151 to 188 months.  On August 3, 2015, Walker moved for a sentence reduction, arguing that an amendment to the Sentencing Guidelines for drug cases resulted in a guideline range of 70 to 87 months.  The district

court denied Walker's motion on November 6, 2015, finding that the amendment did not apply to Walker because he was sentenced under the career offender Guidelines. On November 18, 2015, Walker timely appealed.

Effective November 1, 2011, the Sentencing Commission promulgated Amendment 759, which amended U.S.S.G. § 1B1.10 to reduce or eliminate the ability of certain individuals -- including career offenders -- to receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Walker contends that the amendment violates the *Ex Post Facto* Clause.

A court may grant a sentence reduction if a defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see Dillon v. United States*, 560 U.S. 817, 821 (2010).

Section 1B1.10 of the Sentencing Guidelines governs eligibility for sentencing reductions, providing that a reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's *applicable guideline range*."  U.S.S.G. § 1B1.10 (emphasis added).  Amendment 759 defines the "applicable guideline range" in the commentary to U.S.S.G. § 1B1.10 as "the guideline range that corresponds to the offense level and criminal history category determined . . . *before consideration of any departure provision in the Guidelines Manual or*

3

*any variance*." U.S.S.G. app. C., amend. 759 (Nov. 1, 2011) (emphasis added). For career offenders, the guideline range determined before consideration of any departure or variance is the career offender range, and hence career offenders are not eligible for a reduction even where the otherwise applicable drug guidelines ranges were lowered. *See United States v. Montanez*, 717 F.3d 287, 294-95 (2d Cir. 2013) (per curiam) (holding that, for a defendant designated career offender under guidelines, relevant range for sentencing reduction purposes is career offender range applicable before any departures).

Effective November 1, 2014, the Sentencing Commission promulgated Amendment 782, which amended U.S.S.G. § 2D1.1 to generally reduce the base offense level applicable to drug crimes by two levels. On appeal, Walker claims that he is eligible for a sentence reduction based on Amendment 782. He acknowledges that application of Amendment 782 to his case is barred by Amendment 759, but argues that Amendment 759 violates the *Ex Post Facto* Clause by eliminating the possibility of a sentence reduction for career offenders in these circumstances. Although we generally review a district court's decision to grant or deny a § 3582(c)(2) motion for abuse of discretion, *United States v. Johnson*, 732 F.3d 109, 113 (2d Cir. 2013), we review a district court's interpretation of the Sentencing Guidelines and any questions of constitutional interpretation raised by a district court's application of the Guidelines *de novo*, *Montanez*, 717 F.3d at 291.

4

The *Ex Post Facto* Clause prohibits the passage of any law that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Calder v. Bull*, 3 U.S. 386, 390 (1798); *see* U.S. Const. Art. I, § 9, cl. 3. "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver v. Graham*, 450 U.S. 24, 30 (1981). The "touchstone of [the] inquiry" is whether there is a "'sufficient risk of increasing the measure of punishment attached to the covered crimes.'" *Peugh v. United States*, 133 S. Ct. 2072, 2082 (2013) (quoting *Garner v. Jones*, 529 U.S. 244, 250 (2000)).

Walker's *ex post facto* challenge fails because the application of Amendment 759 to bar a sentence reduction pursuant to Amendment 782 "[does] not lengthen [Walker's] prison sentence." *United States v. Ramirez*, 846 F.3d 615, 621 (2d Cir. 2017); *accord United States v. Diggs*, 768 F.3d 643, 646 (7th Cir. 2014) (finding no *ex post facto* violation where "leniency policy . . . was enacted *after* [defendant] was sentenced"); *cf. Weaver*, 450 U.S. at 32 (finding credits reduction unconstitutional where it "*lengthen[ed] the period* that someone in petitioner's position must spend in prison" (emphasis added)); *Lynce v. Mathis*, 519 U.S. 433, 443 (1997) (reiterating that proper inquiry was whether the cancellation "had the effect of *lengthening* petitioner's period of incarceration" (emphasis added)). Although Amendment 759 precluded Walker from

5

benefitting from the subsequently adopted Amendment 782, Walker's punishment was not increased beyond what was prescribed when his crime was committed.

Furthermore, the drug guidelines reduction in Amendment 782 was adopted in 2014, three years after the adoption of Amendment 759, four years after Walker was sentenced, and six years after he committed his crime. He cannot argue that in sentencing him, the district court should have applied the version of § 1B1.10(b) in existence in 2010 in conjunction with the version of the drug guidelines in existence in 2015. *See Ramirez*, 846 F.3d at 623 ("[W]e reject Ramirez's argument that the district court's failure to apply the prior version of § 1B1.10(b) in conjunction with Amendment 782 constituted an *ex post facto* violation. To hold otherwise would allow Ramirez to 'pick and choose' provisions from different Guidelines Manuals, in violation of the 'one-book' rule.").

We have considered Walker's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk