*United States v. Zobkiw (Hoey)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand eighteen.

PRESENT:
    PETER W. HALL,
    GERARD E. LYNCH,
     *Circuit Judges,*
    WILLIAM F. KUNTZ,*
     *District Judge.*

_____

United States of America,

     *Appellee,*

   v.              **17-1740**

Nicole Zobkiw, AKA Sealed Defendant 1,
Barry Balaban, AKA Sealed Defendant 1,
Alejandro Noreiga

     *Defendants*,

Thomas Hoey, Jr.,

     *Defendant-Appellant*.

_____

**FOR APPELLANT:**       Thomas Hoey, Jr., pro se, Brooklyn, NY.

---

* Judge William F. Kuntz of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR APPELLEE:**                    Michael D. Maimin, Ian P. McGinley, Sarah K. Eddy, of Counsel *for* Geoffrey S. Berman United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Thomas Hoey, Jr., proceeding pro se, appeals from the district court's order denying his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("Guidelines") Amendment 782, which reduced the base offense level for various drug offenses. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 3582(c) allows a district court to reduce a term of imprisonment if, *inter alia*, the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In a § 3582(c)(2) proceeding, we generally review a district court's decision to grant or deny a § 3582(c)(2) motion for abuse of discretion, but review legal questions *de novo*. *United States v. Johnson*, 732 F.3d 109, 113 (2d Cir. 2013).

Here, the district court applied Amendment 782 at sentencing in calculating Hoey's base offense level to be 28. *See* Presentence Investigation Report (dated 3/5/15) ¶¶ 38, 40, 49, 76; S.D.N.Y. 11-cr-337, doc. 210 (Gov't Sentencing Submission) at 9–13 & n.3; doc. 227 (Sent. Tr.) at 13–17, 61, 63; Statement of Reasons for the Sentence Imposed (dated 4/24/15) at 1 (listing 31

as Hoey's total offense level). Hoey disagrees and suggests that the district court calculated his base offense level as 31. Hoey, however, misunderstands the district court's calculations because he overlooks that the district court calculated his base offense level as 28 and his total offense level as 31. Because Hoey has already been sentenced with the benefit of Amendment 782, his "sentencing range" has not "subsequently been lowered by [Amendment 782]." 18 U.S.C. § 3582(c)(2). Therefore, he is not eligible for a sentence reduction under Amendment 782.

Accordingly, we **AFFIRM** the order of the district court.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1]Hoey argues that his appeal should be held in abeyance pending the district court's decision of his *de novo* resentencing motion, but this relief has already been denied by this panel at the motion state, and is, in any event, moot given the district court's resolution of the *de novo* resentencing motion in Hoey's favor.