11-5254-cr
*United States v. Anderson*

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
　　　　　DENNY CHIN,
　　　　　　　　*Circuit Judges*,
　　　　　DAVID G. LARIMER,
　　　　　　　　*District Judge.*[*]

---

UNITED STATES OF AMERICA,

　　　　　*Appellee*,

　　　-v.-　　　　　　　　　　　　　　　　11-5254-cr

TOUSSAINT HUMPHRIES, AKA TOO, LEVON AVINGER, AKA ALLEN LOW, FELIX LABOY, AKA FLIP, RONNIE JAMES, AKA OFFICE CLYDE, KAREEM FRANCIS, AKA RIKO, ROBERT SINGLETON, AKA ROBERT VILLANUEVA, AKA BASE, ERIC LOWE, AKA E-BO, HASSAN GILLEY, BARRY WILLIAMS, AKA BISTRO, DESMOND ROBINSON, AKA PENZ, EMILIANO GORDON, AKA VITO,

　　　　　*Defendants*,

---

[*] The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

TRACY ANDERSON, AKA TRE BAG,

*Defendant-Appellant.*

FOR APPELLEE:       Katherine Polk Failla, John J. O'Donnell,
                    Jr., Assistant United States Attorneys,
                    *for* Preet Bharara, United States Attorney
                    for the Southern District of New York,
                    New York, NY.

FOR APPELLANT:      Darrell B. Fields, Assistant Federal
                    Public Defender, Federal Defenders of New
                    York, Inc., Appeals Bureau, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.

Defendant-Appellant Tracy Anderson ("Anderson") appeals from a December 14, 2011 order of the United States District Court for the Southern District of New York (Scheindlin, *J.*) reducing Anderson's sentence to the statutory mandatory minimum of 120 months.  The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument."  Fed. R. App. P.

34(a)(2)(C). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Anderson challenges his sentence on the grounds that the Fair Sentencing Act ("FSA"), Amendment 750 to the Sentencing Guidelines, U.S.S.G. § 1B1.10, and 18 U.S.C. § 3582(c)(2), should apply retroactively to enable the court to sentence him below the statutory mandatory minimum in effect at the time of his original conviction and sentencing. We review a district court's interpretation of a statute *de novo*. *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009).

In 2005, Anderson pled guilty to conspiracy to distribute 50 grams or more of a substance containing cocaine base (crack) and distribution and possession with intent to distribute more than fourteen grams of crack; the district court sentenced Anderson to 168 months' imprisonment. In 2009, after the 2007 amendments to the Guidelines, the district court granted Anderson's motion for a reduction in sentence and sentenced him to 135 months' imprisonment. In 2011, after enactment of the FSA, Anderson filed a second motion under 18 U.S.C. § 3582(c)(2) seeking to have the district court reduce his sentence to the low

3

end of the revised Guidelines range of 87 to 108 months' imprisonment.  The district court reduced Anderson's sentence to 120 months' imprisonment, but determined that the court could not sentence Anderson to a term of imprisonment below the statutory mandatory minimum in effect at the time of his conviction and sentencing.  We affirm.

The FSA does not apply retroactively to defendants who were convicted and sentenced prior to August 3, 2010.  *See United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010) (per curiam).  The Supreme Court's decision in *Dorsey v. United States* does not compel a different result.  132 S. Ct. 2321 (2012).  In *Dorsey*, the Supreme Court determined that the FSA's "new, lower mandatory minimums [] apply to the post-Act sentencing of pre-Act offenders."  *Id.* at 2335.  The Court's holding does not affect offenders who were sentenced before the FSA took effect.  *See id.* (acknowledging that application of the new mandatory minimums to pre-Act offenders sentenced after the FSA's enactment but not those sentenced before that date "will create a new set of disparities" but concluding that "this particular new disparity . . . cannot make a critical difference").  As a result, the revised Guidelines range has no bearing on Anderson's sentence; the court could not sentence him to a

term less than the statutory mandatory minimum of 120 months' imprisonment in effect at the time of his conviction and sentencing.  *See Williams*, 551 F.3d at 185-86.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk