**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3422
_____

UNITED STATES OF AMERICA

v.

TYRONE PRATT,
                                   Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-07-cr-00778-001)
District Judge:  Honorable John R. Padova

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2013

Before: SCIRICA, JORDAN and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 08, 2013)
_____

OPINION
_____

PER CURIAM

    Tyrone Pratt appeals from an order of the United States District Court for the

Eastern District of Pennsylvania denying his motion for a reduction of sentence pursuant

to 18 U.S.C. § 3582(c)(2).  We will affirm.

1

In January 2009, Pratt pleaded guilty to distribution of cocaine base ("crack"), possession of more than five grams of crack with the intent to distribute, possession of marijuana with the intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. The District Court found that Pratt was subject to a mandatory minimum sixty-month sentence on the crack counts, plus a mandatory consecutive sixty-month sentence for the firearm count. At the April 2009 sentencing hearing, the District Court imposed the aggregated mandatory minimum sentence of 120 months. No appeal was taken.

In 2011, Pratt filed a pro se motion to reopen the case. Appointed counsel argued that the revised penalties of the Fair Sentencing Act of 2010 ("FSA") should apply retroactively to Pratt, and that Pratt no longer should be subject to the sixty-month mandatory minimum sentence for the crack offenses. Counsel explained that the 11.6 grams of crack[1] at issue effectively placed Pratt in a "doughnut hole" of cases where the defendants were sentenced pursuant to the old statute's five-gram trigger of the mandatory minimum sentence though the quantity of crack falls below the FSA's twenty-eight gram threshold. Following a hearing, the District Court denied Pratt's request to modify his sentence.

In August 2012, Pratt filed a pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the FSA. He argued that the Supreme Court's recent decision

---

[1] The Appellee states in its brief that the quantity of crack was 12.5 grams. The discrepancy in the amount does not alter the outcome of this appeal.

2

in Dorsey v. United States, 132 S. Ct. 2321 (2012), supports his position that the amended mandatory minimum sentence provisions of the FSA retroactively apply to his case. On August 13, 2012, the District Court denied Pratt's motion, noting that Dorsey did not alter the conclusion that the FSA does not apply retroactively to defendants, like Pratt, who were sentenced before the effective date of the FSA. Pratt timely filed this appeal.

We review the District Court's ultimate decision to deny Pratt's section 3582(c)(2) motion for abuse of discretion, but we exercise plenary review over the District Court's legal interpretation of relevant statutes and guidelines. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

The FSA amended 21 U.S.C. § 841(b)(1) by, among other things, increasing the amount of crack cocaine that triggered mandatory minimum prison sentences. See Dorsey, 132 S. Ct. at 2328-29. In response to the FSA, the Sentencing Commission promulgated a temporary amendment that revised the offense levels in U.S.S.G. § 2D1.1 relating to crack, and the revisions later became permanent by way of Amendment 750. Id. at 2329. Although the Sentencing Commission decided that Amendment 750 should be applied retroactively, see United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012), the FSA itself is not retroactively applicable to defendants who were sentenced before its effective date. See United States v. Reevey, 631 F.3d 110, 114-15 (3d Cir. 2010). Although Pratt argues to the contrary, the Supreme Court's decision in Dorsey does not affect this conclusion. See Dorsey, 132 S. Ct. at 2335 (noting that the ordinary practice

3

in federal sentencing "is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced"). Rather, Dorsey held that the FSA applies to defendants whose offenses were committed pre-FSA but were sentenced after its effective date. Id. at 2326. Such is not the case here, and thus, Pratt's reliance on Dorsey is misplaced.

Moreover, Pratt cannot obtain relief under section 3582(c)(2). Section 3582(c)(2) permits a sentence reduction where a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). Pratt argues that Amendment 750 benefits him because the 11.6 grams of crack would now yield a sentencing range of fifteen to twenty-one months, without triggering the application of a mandatory minimum sentence. As we have discussed already, the statutory changes concerning the operation of mandatory minimum sentences are not retroactively applicable to Pratt. Further, the Sentencing Commission recognized that:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment) . . . .

U.S.S.G. § 1B1.10 app. note 1. Thus, although Amendment 750 lowered the base offense levels for crack cocaine quantities listed in U.S.S.G. § 2D1.1(c), it did not have the effect of lowering Pratt's guideline range because of the operation of the statutory mandatory

4

minimum when he was sentenced. See United States v. Doe, 564 F.3d 305, 311-12 (3d Cir. 2009) (passage of a retroactive guideline amendment is irrelevant where a statutory mandatory minimum sentence is applicable). Stated another way, Amendment 750 revised offense levels, but it did not change the statutory mandatory minimum, and so it cannot provide the basis for a section 3582(c)(2) sentence reduction for Pratt.

For these reasons, we will affirm the District Court's judgment.