# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-3317

———————————————

United States of America

*Plaintiff - Appellee*

v.

Antonio Gromyko Reeves

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

——————————

Submitted: April 11, 2013
Filed: June 24, 2013

——————————

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

——————————

SHEPHERD, Circuit Judge.

Antonio Gromyko Reeves filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court[1] denied his motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

———————————————

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

## I.

In 2004, Reeves pled guilty to distributing five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). At that time, the offense carried a statutory maximum of 40 years imprisonment. See Narcotics Penalties and Enforcement Act of 1986, Pub. L. No. 99-570, § 1002, 100 Stat. 3207-2, 3207-3 (1986), amended in relevant part by Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Had Reeves's sentence been based on the quantity of cocaine involved in his conviction, 6.05 grams, his guideline range would have been 92 to 115 months imprisonment. Sentencing Tr. 13, May 21, 2004. However, Reeves had prior convictions that triggered application of the career offender guideline provision. Id. This provision references statutory maximums in determining base offense levels. United States Sentencing Commission, Guidelines Manual, §4B1.1(b). Under the career offender provision, Reeves's guideline range was 188 to 235 months imprisonment. Sentencing Tr. 13. The district court sentenced him to the bottom of this range. Id. at 23.

After Reeves's sentencing, the Sentencing Commission issued several amendments to the Sentencing Guidelines that Reeves argues are relevant here. First, Amendment 709, which was not made retroactive, changed the way that prior offenses are counted for purposes of determining career offender status. See USSG App. C, Amend. 709. Second, Amendment 750, made retroactive by Amendment 759, lowered the base offense levels used for calculating guideline ranges based on the quantity of crack cocaine involved in an offense. See USSG App. C, Amend. 750, Part A; USSG App. C, Amend. 759. Amendments 750 and 759 were passed in response to the Fair Sentencing Act of 2010, which altered the statutory penalty structure for crack cocaine offenses. See § 2, 124 Stat. at 2372.

After the Sentencing Commission issued these amendments, Reeves filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied his motion, and Reeves appealed.

## II.

Reeves makes two arguments on appeal. First, he argues the Sentencing Commission acted arbitrarily and capriciously when it decided not to make Amendment 709 retroactive. Second, he argues that Amendments 750 and 759 lowered his advisory guideline range, entitling him to a reduced sentence under 18 U.S.C. § 3582(c)(2).

## A.

Reeves first argues the Sentencing Commission acted arbitrarily and capriciously when it decided not to give retroactive effect to Amendment 709. Reeves and the government agree that if Amendment 709 had been effective when Reeves was sentenced in 2004, Reeves would not have qualified for the career offender enhancement and consequently would have had a lower advisory guideline range. After the briefing in this case, however, we held in United States v. Johnson, 703 F.3d 464 (8th Cir. 2013) that "[b]ecause Congress has not authorized us to 'hold unlawful and set aside' action by the [Sentencing] Commission" on the basis that such action is arbitrary and capricious, we cannot set aside a "non-retroactivity determination as arbitrary and capricious." Id. at 468 (quoting 5 U.S.C. § 706(2)). Our holding in Johnson forecloses Reeves's first argument.

## B.

Reeves next argues that he is entitled to a reduced sentence under 18 U.S.C. § 3582(c)(2) because Amendments 750 and 759 lowered his advisory guideline range.

Specifically, he argues that (1) career offender offense levels are derived from the statutory maximum specified in the offense of conviction; (2) Amendments 750 and 759 were passed in response to the Fair Sentencing Act, which lowered the statutory maximums associated with crack cocaine convictions; (3) in issuing Amendments 750 and 759, the Sentencing Commission necessarily adopted and retroactively applied the Fair Sentencing Act's new statutory maximums to the guidelines as a whole; (4) based on the quantity of crack cocaine involved in Reeves's conviction, his career offender offense level and corresponding guideline range would be lower after passage of the Fair Sentencing Act; and (5) Reeves consequently is eligible for a reduction in sentence under section 3582(c)(2). "We review the district court's interpretation and application of the guidelines de novo . . . ." United States v. Bates, 584 F.3d 1105, 1108 (8th Cir. 2009).

If a defendant's "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In determining whether a defendant's guideline range has subsequently been lowered by the Sentencing Commission, a court considers only those amendments which the Sentencing Commission explicitly designated as retroactive. See USSG §1B1.10(b)(1), p.s. Section 3582(c)(2) proceedings "do not constitute a full resentencing of the defendant." USSG §1B1.10(a)(3), p.s.

Reeves's sentence was based on his career offender status, see USSG §4B1.1(b), not on the quantity of cocaine involved in his conviction, see USSG §2D1.1. The guidelines required the district court to sentence Reeves under the career offender provision because this provision yielded a base offense level "greater than the offense level otherwise applicable." USSG §4B1.1(b). Because Reeves was sentenced under the career offender provision, Amendments 750 and 759, which

modified the drug quantity provision, are irrelevant. See United States v. Harris, 688 F.3d 950, 953 (8th Cir. 2012) ("Harris is not eligible for a reduced sentence based on amendments to the crack-cocaine guidelines in U.S.S.G. § 2D1.1 because his sentence is not based on the crack-cocaine guidelines but, rather, on the applicable career-offender range set forth in § 4B1.1(b).").

Consequently, section 3582(c)(2) makes Reeves eligible for a reduced sentence only if there has been some retroactive change to Reeves's guideline range under the career offender provision. However, as discussed in section II(A) above, the amendment to the career offender provision is not retroactive. Reeves is correct that the Fair Sentencing Act changed the statutory maximums associated with cocaine base convictions. See § 2, 124 Stat. at 2372. He argues that these new statutory maximums should apply in section 3582(c)(2) proceedings, citing Dorsey v. United States, 132 S. Ct. 2321 (2012). If this were the case, Reeves's career offender offense level, and consequently his guideline range, would be lower. See USSG §4B1.1(b).

In Dorsey, the Supreme Court held that the Fair Sentencing Act's "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." 132 S. Ct. at 2326. However, the Supreme Court has also made clear that section "3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission." Dillon v. United States, 130 S. Ct. 2683, 2690 (2010) (internal quotation and alteration marks omitted).

In light of this Supreme Court precedent, eight of the nine federal circuits to address the issue have held that the statutory provisions applicable when the defendant was originally sentenced—not the statutory provisions in the Fair Sentencing Act—apply in section 3582(c)(2) proceedings. See United States v. Kelly, No. 12-

30936, 2013 WL 1953646, at *2 (5th Cir. May 13, 2013); United States v. Belt, No. 12-8029, 2013 WL 1715577, at *1 (4th Cir. Apr. 22, 2013) (unpublished per curiam); United States v. Pratt, No. 12-3422, 2013 WL 864464, at *1-2 (3d Cir. Mar 8, 2013) (unpublished per curiam); United States v. Lucero, 713 F.3d 1024, 1027-28 (10th Cir. 2013); United States v. Augustine, 712 F.3d 1290 (9th Cir. 2013); United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013); United States v. Robinson, 697 F.3d 443, 444-45 (7th Cir. 2012); United States v. Humphries, 502 F. App'x 46, 47-48 (2d Cir. 2012) (unpublished summary order). But see United States v. Blewett, Nos. 12-5226, 12-5582, 2013 WL 2121945, at *8-9 (6th Cir. May 17, 2013). We join the overwhelming majority of our sister circuits and hold that the Fair Sentencing Act does not apply retroactively to defendants who were sentenced before August 3, 2010, and who seek a reduction in their sentences under section 3582(c)(2).[2]

The district court sentenced Reeves in 2004. The statutory maximum associated with Reeves's cocaine base offense in 2004 applies to his current section 3582(c)(2) proceedings. As a result, Reeves's guideline range is the same today as it was in 2004, and he is not eligible for section 3582(c)(2) relief.

III.

Accordingly, we affirm.

_____

---

[2]A recent unpublished per curiam opinion in our circuit reached the same conclusion. See United States v. Bowman, No. 12-3805, slip op. at 2 (8th Cir. May 31, 2013).