# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Submitted April 16, 2013          Decided August 16, 2013

No. 12-3018

UNITED STATES OF AMERICA,
APPELLEE

v.

DARREN SWANGIN,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cr-00049-1)

*A.J. Kramer*, Federal Public Defender, and *Tony Axam Jr.*, Assistant Federal Public Defender, were on the brief for appellant. *Lisa B. Wright*, Assistant Federal Public Defender entered an appearance.

*Ronald C. Machen Jr.*, U.S. Attorney, and *Elizabeth Trosman*, *Suzanne G. Curt*, *Carolyn K. Kolben*, and *Katherine M. Kelly*, Assistant U.S. Attorneys, were on the brief for appellee.

Before: GARLAND, *Chief Judge*, and ROGERS and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* GARLAND.

GARLAND, *Chief Judge*: Darren Swangin appeals from the district court's partial denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm the judgment of the district court.[1]

I

In April 2009, Swangin pled guilty to possessing with intent to distribute 50 grams or more of cocaine base. In his plea agreement, he acknowledged that the offense involved 63.9 grams of crack cocaine. Swangin was sentenced two months later, in June 2009.

At the time of Swangin's sentencing, offenses involving 50 grams or more of crack cocaine carried a statutory minimum sentence of 120 months. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2006). According to Swangin's presentence report, a sentencing range of 140 to 175 months' imprisonment was appropriate under the then-applicable United States Sentencing Guidelines, given Swangin's offense and criminal history. Presentence Investigation Report, at ¶ 81 (June 18, 2009). During Swangin's sentencing hearing, the district court expressed discomfort with sentencing Swangin to the Guidelines range, in light of the Guidelines' disparate treatment of crack and powder cocaine offenses. Sentencing Hr'g Tr. 2-4 (June 25, 2009). Recognizing that it could not sentence Swangin below the 120-month mandatory minimum, the district court imposed a sentence of 125 months: "slightly above the mandatory" minimum, the court said, because of the "kind of guns" Swangin possessed at the time of the offense and because of his criminal

---

[1] This case was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j).

history, which reflected an "almost non-stop criminal existence." *Id*. at 11.

More than a year after Swangin was sentenced, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Under the Act, 50 grams of crack cocaine is no longer the threshold for the 120-month mandatory minimum sentence. Instead, 280 grams is the threshold for 120 months, while offenses involving at least 28 but fewer than 280 grams now carry a 60-month mandatory minimum. *Id.* § 2(a) (codified as amended at 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii)).

The Fair Sentencing Act directed the United States Sentencing Commission to "make such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law." *Id.* § 8. The Commission responded by reducing the base offense levels for quantities of crack cocaine, first on an emergency basis and then through a permanent amendment. *See* U.S. SENTENCING GUIDELINES MANUAL (USSG) App. C, Vol. III, Amend. 750 (2011). The Commission also determined that the new base offense levels should apply retroactively in sentence reduction proceedings under 18 U.S.C. § 3582(c)(2). USSG App. C, Vol. III, Amend. 759 (2011).

In February 2012, Swangin filed a motion pursuant to § 3582(c)(2), which allows the court to "reduce the term of imprisonment" for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court found that, under the amended Guidelines, Swangin's recommended range was 100 to 125 months. Swangin requested that the court reduce his sentence to 100 months, the bottom end of his amended range.

The district court reduced his sentence to 120 months, but found that it could go no lower because Swangin "is subject to a mandatory minimum sentence of 120 months based on the statutory mandatory minimums in effect at the time of his offense and sentencing." Order Regarding Mot. for Sentence Reduction, at 1 (Mar. 7, 2012).

## II

Swangin's only argument on appeal is that the district court should have applied the Fair Sentencing Act's new 60-month mandatory minimum retroactively in his § 3582(c)(2) proceeding.[2] This argument is foreclosed by our decisions in *United States v. Bigesby*, 685 F.3d 1060 (D.C. Cir. 2012), and *United States v. Fields*, 699 F.3d 518 (D.C. Cir. 2012). Both *Bigesby* and *Fields* held that a defendant convicted and sentenced prior to the Fair Sentencing Act's effective date cannot benefit from the Act's new mandatory minimums in a subsequent proceeding.[3] *See Bigesby*, 685 F.3d at 1066 ("We agree with every circuit court to address the issue that there is

---

[2] In a post-argument letter, counsel for Swangin asked the court to hold that perpetuation of the prior mandatory minimum would violate equal protection principles of the Fifth Amendment. Letter from T. Axam to Clerk of Court (June 27, 2013). In support, the letter cited the recent decision of a panel of the Sixth Circuit in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In a subsequent letter, counsel noted that the Sixth Circuit had vacated the *Blewett* panel decision and granted a petition for rehearing en banc. Letter from T. Axam, Jr. to Clerk of Court (July 15, 2013); *see* Order, *United States v. Blewett*, Nos. 12-5226/5582, at 1 (6th Cir. July 11, 2013). We do not address this contention because Swangin did not raise it until after oral argument.

[3] In both *Bigesby* and *Fields*, the subsequent proceeding was the direct appeal of the defendant's sentence.

simply no evidence that Congress intended the [Fair Sentencing Act] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment." (internal quotation marks omitted)); *Fields*, 699 F.3d at 522. Accordingly, because Swangin was convicted and sentenced before the Fair Sentencing Act's August 3, 2010 effective date, he cannot benefit from retroactive application of the mandatory minimums.

That Swangin received a § 3582(c)(2) sentence reduction after the Fair Sentencing Act became effective does not render *Bigesby* and *Fields* any less controlling. The Supreme Court's decision in *Dillon v. United States*, 130 S. Ct. 2683 (2010), makes clear that § 3582(c)(2) proceedings are not new sentencing proceedings. Section 3582(c)(2), the Court held, "does not authorize a sentencing or resentencing proceeding." 130 S. Ct. at 2690. Rather, it "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 2691. Accordingly, that Swangin received a § 3582(c)(2) reduction after the Fair Sentencing Act's enactment does not change the fact that he was sentenced before its enactment and is therefore subject to the rule announced in our prior decisions.

Nor does *Dorsey v. United States*, 132 S. Ct. 2321 (2012), cited by Swangin, suggest a different outcome. In *Dorsey*, the Supreme Court held that the Fair Sentencing Act's reduced mandatory minimums apply to defendants sentenced *after* the Fair Sentencing Act's effective date, even if they were convicted before that date. In so holding, the Court recognized that this created a disparity, albeit a lawful one, between defendants sentenced after the Fair Sentencing Act's effective date and defendants (like Swangin) who were sentenced before that date and thus cannot benefit from the reduced mandatory minimums:

> We . . . recognize that application of the new minimums to pre-Act offenders sentenced after August 3 will create a new set of disparities. But those disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date). We have explained how in federal sentencing *the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced*. And we have explained how, here, continued application of the old . . . minimums to those pre-Act offenders sentenced after August 3 would make matters worse. We consequently conclude that *this particular new disparity (between those pre-Act offenders already sentenced and those not yet sentenced as of August 3) cannot make a critical difference*.

*Id.* at 2335 (emphasis added) (citations omitted).

In *Fields*, the court expressly addressed the consistency between this circuit's rule and the Supreme Court's opinion in *Dorsey*. The court noted that *Bigesby*, decided one day after the Supreme Court's opinion in *Dorsey*, had "squarely held that the [Fair Sentencing Act] is inapplicable to offenders . . . who were sentenced before passage of the statute." 699 F.3d at 522. And it concluded that "*Dorsey* actually confirms our decision in *Bigesby*, for the Court expressly acknowledged that it was creating a disparity 'between pre-Act offenders sentenced before [the Fair Sentencing Act's effective date] and those sentenced after that date.'" *Id.* (quoting *Dorsey*, 132 S. Ct. at 2335).

Finally, we note that every circuit that has addressed the question post-*Dorsey* has likewise concluded that courts cannot retroactively apply the Fair Sentencing Act's new mandatory

minimums in § 3582(c)(2) proceedings to defendants who were sentenced before the Act's effective date.[4]

## III

Because our decisions in *United States v. Bigesby* and *United States v. Fields* preclude retroactive application of the new statutory mandatory minimum to a defendant who was sentenced before its enactment, the judgment of the district court is

*Affirmed*.

---

[4] *See United States v. Reeves*, 717 F.3d 647, 650-51 (8th Cir. 2013); *United States v. Kelly*, 716 F.3d 180, 181 (5th Cir. 2013); *United States v. Belt*, 2013 WL 1715577, at *1 (4th Cir. Apr. 22, 2013) (unpublished per curiam); *United States v. Pratt*, 2013 WL 864464, at *1-2 (3d Cir. Mar. 8, 2013) (unpublished per curiam); *United States v. Lucero*, 713 F.3d 1024, 1027-28 (10th Cir. 2013); *United States v. Augustine*, 712 F.3d 1290, 1293-95 (9th Cir. 2013); *United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013); *United States v. Robinson*, 697 F.3d 443, 444-45 (7th Cir. 2012); *United States v. Humphries*, 502 F. App'x 46, 47-48 (2d Cir. 2012) (unpublished summary order).  As noted above, a panel of the Sixth Circuit held to the contrary in *Blewett*, 719 F.3d 482, but the Sixth Circuit has since vacated that decision pending rehearing en banc. *See supra* footnote 2.