**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
UNITED STATES OF AMERICA,      )
                              )
          v.                   ) Criminal Action No. 03-270 (RWR)
                              )
DAVID T. JOHNSON,              )
                              )
          Defendant.           )
_____)
```

**MEMORANDUM ORDER**

Defendant David T. Johnson pled guilty to unlawful possession with intent to distribute 5 grams or more of cocaine base, 21 U.S.C. §§ 841(a)(1) and (b)(i)(B)(iii) (Count One), and using, carrying, and possessing a firearm during a drug trafficking offense, 18 U.S.C. § 924(c)(1) (Count Two). He admitted that he was accountable for 8.49 grams of crack cocaine. He was sentenced in 2007 to the mandatory minimum 60 months on Count One and a mandatory consecutive 60 months on Count Two.[1] Johnson was also sentenced to four years of supervised release on Count One and three years of supervised release on Count Two, to run concurrently.

---

[1] Johnson was initially sentenced on Count One to 78 months in 2004. However, on appeal, the D.C. Circuit remanded the case to allow the district court to determine if Johnson would have received a "different" or "materially more favorable" sentence in a "post-Booker sentencing regime." United States v. Johnson, No. 04-3096 (D.C. Cir. June 16, 2005) (Order) (referring to the decision in United States v. Booker, 543 U.S. 220 (2005), which made the U.S. Sentencing Guidelines advisory and no longer mandatory). Johnson's sentence on Count One was subsequently reduced to 60 months.

Congress later enacted the Fair Sentencing Act of 2010 which increased from 5 grams to 28 grams the quantity of crack cocaine that would trigger the 60-month mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii). In addition, the United States Sentencing Commission amended and lowered the base offense levels for crack cocaine offenses. U.S.S.G. App. C, Amendments 706, 711 (Nov. 1, 2007); U.S.S.G. App. C, Amendments 748, 750 (Nov. 1, 2011). Under 18 U.S.C. § 3582(c)(2), a court can reduce a sentence based upon a sentencing range that has been subsequently lowered by the Sentencing Commission. Thus, on July 3, 2012, Johnson filed a motion under § 3582(c)(2) to reduce his sentence on Count One, arguing that he should be re-sentenced with an offense level of 20 and a criminal history of I, yielding an applicable sentencing range of 33 to 41 months imprisonment on Count One.[2]

Johnson argues that under the Fair Sentencing Act of 2010, his "crack cocaine offense carries no mandatory minimum penalty" because the Fair Sentencing Act "increase[ed] the amount of crack cocaine required to trigger the mandatory minimum sentences." Johnson's Mot. to Reduce Sentence at 4. The

---

[2] Johnson's applicable ranges of supervised release would be at least four years, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), but not more than five years, see U.S.S.G. § 5D1.2(a)(1); 18 U.S.C. § 3583(b)(1), on Count One, and at least 2 years, see U.S.S.G. § 5D1.2(a)(1), but not more than five years, see id.; 18 U.S.C. § 3583(b)(1), on Count Two.

government does not oppose recalculating the guideline range based on a total offense level of 20 and a criminal history category of I.  However, the government argues that the Fair Sentencing Act is not retroactive and that 21 U.S.C. § 841 requires a minimum sentence on Count One of 60 months.

Johnson's 2007 sentence cannot benefit from the Fair Sentencing Act of 2010 because the Act "is not retroactive." United States v. Bigesby, 685 F.3d 1060, 1066 (D.C. Cir. 2012), cert. denied, 133 S. Ct. 981 (2013); see also id. (citing 11 other circuits that have also reached this holding).  Although, as Johnson points out, the defendant in Bigesby sought to apply the Fair Sentencing Act on direct appeal, while Johnson seeks to apply the Fair Sentencing Act in a § 3582 motion, this does not change the result.  The D.C. Circuit rejected this distinction in United States v. Swangin, 726 F.3d 205, 206-07 (D.C. Cir. 2013): "[the defendant's] only argument on appeal is that the district court should have applied the Fair Sentencing Act's new [lower] mandatory minimum retroactively in his § 3582(c)(2) proceeding.  This argument is foreclosed by our decisions in United States v. Bigesby, 685 F.3d 1060 (D.C. Cir. 2012), and United States v. Fields, 699 F.3d 518 (D.C. Cir. 2012)."  See also United States v. Wooden, Criminal Action No. 06-152 (PLF), 2013 WL 3476148 (D.D.C. July 11, 2013).

Nor does the Supreme Court's decision in <u>Dorsey v. United States</u>, 132 S. Ct. 2321 (2012), change the result. "In <u>Dorsey</u>, the Supreme Court held that the Fair Sentencing Act's reduced mandatory minimums apply to defendants sentenced *after* the Fair Sentencing Act's effective date, even if they were convicted before that date." <u>Swangin</u>, 726 F.3d at 207 (citing <u>Dorsey</u>). Here, Johnson was sentenced in 2004 and re-sentenced in 2007, while the Fair Sentencing Act was enacted in 2010. Therefore, he is ineligible for a reduced sentence under the Fair Sentencing Act, and the mandatory minimum 60-month sentence trumps the effect of the lowered sentencing guideline range. Accordingly, it is hereby

ORDERED that the defendant's motion [55] to reduce his sentence be, and hereby is, DENIED.

SIGNED this 26th day of November, 2013.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge